Carl E. SPRING, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 73–2273.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1974.

Decided March 14, 1974.

Boyd L. Warner, Clarksburg, W. Va.
(James A. Harris and Stathers & Can-
trall, Clarksburg, W. Va., on brief) for
appellant.

William A. Kolibash, Asst. U. S. Atty.
(James F. Companion, U. S. Atty., on
brief) for appellee.

Before HAYNSWORTH, Chief Judge,
and CRAVEN and RUSSELL, Circuit
Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff seeks in this action
against the United States recovery of
severance pay following his discharge
from Government Service. His right of
recovery is predicated on Section
5595(b), 5 U.S.C., and jurisdiction rests
on Section 1346, 28 U.S.C. The District
Court granted the Government's motion
for summary judgment against plaintiff.
The plaintiff has appealed. We reverse.

Plaintiff was a career employee of the Soil Conservation Service in the Department of Agriculture. He was notified on July 17, 1968 that he was to be transferred to a new duty station, some 250 miles from his then current station, and promoted to a higher pay grade, effective August 12, 1968. Citing financial, personal, and family reasons, the validity of which are not contested, he informed his superiors of his inability to change his residence and to accept the administrative transfer. He, however, expressed his willingness to accept an assignment to any duty station within a reasonable commuting distance from his residence, even at a reduction in pay grade. Following failure to report to his new duty station as ordered, he was discharged. Appeals from the order of discharge to both the Department of Agriculture and the Civil Service Commission proved fruitless. He then filed for severance pay, as provided for in 5 U.S. C. § 5595(b). The claim was disallowed on the ground that his discharge was "for cause".

■ The sole issue on appeal is whether or not, as a matter of law, plaintiff's discharge was "voluntary" or "for cause", so that he is excluded from the coverage of 5 U.S.C. § 5595(b) and thus not entitled to severance pay. Section 5595(b) provides as follows:

"Under regulations prescribed by the President or such officer or agency as he may designate, an employee who—(1) has been employed currently for a continuous period of at least 12 months; and (2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency; is entitled to be paid severance pay in regular pay periods by the agency from which separated."

The terms "involuntarily separated" and "removal for cause", as used in the statute, are not defined by the regulations promulgated pursuant to such statute by the Civil Service Commission.[1] Specifically, the regulations in effect at the time of plaintiff's discharge did not state whether or not an employee who refuses to accept an administrative transfer and is separated from the Service is entitled to severance pay. In such regulations, however, it was recognized that Section 5595(b), 5 U.S.C. was to be given a liberal and generous construction. Thus, Section 550.705 of the Regulations provided expressly that, "[T]he separation of an employee by a department when the employee declines to accompany his position when it is moved to another commuting area because of a transfer of function is deemed to be an involuntary separation not by removal for cause on charges of misconduct, delinquency, or inefficiency, for purposes of entitlement to severance pay." It is conceded by both parties that this regulation did not, at the time of the termination of plaintiff's services, explicitly apply to an administrative transfer such as involved in this case. The Government contends that the absence of any specific reference to administrative tranfers as a basis for an "involuntary separation" is decisive and that the "transfer of function" situation constituted, in 1968, the only exception to the general rule that all similar separations were voluntary. Plaintiff argues, on the other hand, that Section 550.705 of the Regulations, expressive as it was of a liberal construction of what was plainly intended by Congress as a generous provision for Government employees whose services were terminated, was not intended by its reference to terminations of employment resulting from "transfer of function" to limit or restrict the operation of the statute exclusively to that single type of termination. As the plaintiff points out, there is no rational basis for any distinction between separations resulting from "transfer of function" and those resulting from administrative transfer, nor did either the

---

1. Published at 5 C.F.R. 550.701–708.

statute or Regulations indicate any reason or intent to make such a distinction. Clearly, the rationale for construing a "transfer of function" as involuntary is no greater than that for construing an "administrative transfer" as involuntary. And the Commission apparently recognized this, for in 1971 it amended its regulation so as to make clear that both administrative transfers and transfers of function were to be treated as involuntary separations entitling the employee to severance pay.[2]

The Government argues, however, that the 1971 amendment indicates a reversal, and not simply a clarification, of the Regulation as it had previously existed. To support such argument, the Government, as did the District Court, relies upon a so-called "interpretation" of the Regulation contained in the Federal Personnel Manual Supplement 990–2, compiled and published by the Civil Service Commission. Under the general heading, "Failure to Accompany Activity," which would appear to refer to transfers of function and not administrative transfers, the Commission listed two situations:

"(i) *Regulation.* 'The separation of an employee by a department when the employee declines to accompany his position when it is moved to another commuting area because of a transfer of function is deemed to be an involuntary separation not by removal for cause on charges of misconduct, delinquency, or inefficiency, for purposes of entitlement to severance pay.' (Section 550.705)

"(ii) *Administrative reassignment.* Separation for failure to report for duty upon reassignment to a different position at another location outside the commuting area after having been directed to do so constitutes removal for cause on charges of misconduct or delinquency. (See Comp. Gen. decision B–159029 of June 17, 1966)."

The first statement is obviously a direct quotation from the version of Section 550.705 of the Regulations then in force, a regulation whose authority is not contested. But the second statement, which the Government argues represented a departmental interpretation, does not flow from any regulation and finds no basis in any regulation issued by the Civil Service Commission itself, which, by delegation, is the sole authority to issue valid regulations under Section 5595(b), 5 U.S.C. It cites as its sole authority a 1966 decision of the Comptroller General. The Comptroller General was given no authority under the Act to issue regulations thereunder or to issue what in this case would represent pre-issuance interpretations by one governmental agency of regulations thereafter issued by another governmental agency. It was never issued as an official interpretation by the Commission and it was incorporated in the Personnel Manual with no basis in either the Statute or in any regulation issued by the agency which was alone authorized to issue such regulations. Contrary as it is to the liberal intent and purposes of Section 5595(b), the opinion of the Comptroller General, which purported to interpret no outstanding regulation of the Commission and which was incorporated in the Personnel Manual as stating an opinion of the Comptroller General and not as an official interpretation by the Commission of the scope of the Statute, will not support a denial of severance pay in this case.

Reversed and remanded with directions to grant plaintiff's motion for summary judgment.

---

2. Section 550.705, 5 C.F.R now provides that "When an employee is separated because he declines to accept assignment to another commuting area, the separation is an involuntary separation not by removal for cause on charges of misconduct, delinquency, or inefficiency for purpose of entitlement to severance pay, unless his position description or other written agreement or understanding provides for these assignments."