**Roy L. LYLES, Jr., Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

No. 85–1510.

United States Court of Appeals, Federal Circuit.

Jan. 11, 1989.

Simmons S. Smith, Little Rock, Ark., submitted for petitioner.

John S. Groat, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before BISSELL and MAYER, Circuit Judges, and BALDWIN, Senior Circuit Judge.

## OPINION

MAYER, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (Board), 23 M.S.P.R. 465 (1984), sustaining the Army's dismissal of Roy L. Lyles, Jr., after his security clearance was revoked. We affirm.

### Background

Lyles was employed as a civilian guard at the Red River Army Depot, Texarkana, Texas. On July 7, 1981, the Department of the Army revoked his security clearance because he was sleeping on duty, inattentive to the performance of his assigned duties, and absent without leave. Because Lyles' position required a security clearance, the Army removed him from his post, and conducted a search for nonsensitive positions to which it might transfer him as required by Army Regulation 690-1, at ¶ 32 (Sept. 25, 1967), *superseded by* Army Regulation 604-5 (Feb. 1, 1984). No vacant positions were found and Lyles was dismissed.

In an initial decision on August 3, 1982, the Board's presiding official held that the Army failed to show by a preponderance of the evidence that its reasons for revoking Lyles' security clearance were lawful and promoted the efficiency of the service. The Board, however, vacated and remanded the decision because the presiding official had relied on *Hoska v. Department of the Army*, 677 F.2d 131 (D.C.Cir.1982), to place the burden of proving that the revocation was justified on the agency, and that case was issued on the day of Lyles' hearing, giving the Army no time to respond to it. 19 M.S.P.R. 114 (1984).

At the second hearing, the presiding official found that the Army's search was reasonable, transfer was not possible, and dismissal was appropriate. The Board denied review. 23 M.S.P.R. 465 (1984). This case was then stayed pending the Supreme Court's decision in *Department of the Navy v. Egan*, —— U.S. ——, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988).

Now on appeal Lyles says he was not allowed to confront the government witnesses in the security clearance revocation hearing and the government's evidence against him was therefore insufficient. Alternatively, he argues he should have been transferred to a nonsensitive position.

### Discussion

■ Lyles' contention that he was denied due process in his security revocation hearing when the government failed to produce witnesses against him and relied solely on documents is really an attack on the sufficiency of the evidence. As such, it is preempted by *Egan*, which held that the Board could not review the denial or revocation of security clearances.

The [Civil Service Reform Act of 1978] by its terms does not confer broad authority on the Board to review a security clearance determination. As noted above, the Board does have jurisdiction to review "adverse actions".... A denial of a security clearance is not such an "adverse action," and by its own force is not subject to Board review. An employee who is removed for "cause" under [5 U.S.C.] § 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute. The Board then may determine whether such cause existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible. Nothing in the Act, however, directs or empowers the Board to go further.

108 S.Ct. at 825.

As a non-probationary employee in the competitive service, Lyles is entitled to the procedural protections of section 7513. The Board has described these as "notice of denial or revocation [of the security clearance]; a statement of the reason(s) upon which the negative decision was based; and an opportunity to respond." *Egan v. Department of the Navy*, 28 M.S. P.R. 509, 519 (1985). After determining that these procedures were followed, the only other inquiry the Board may make is whether the employee's position was classified as sensitive and whether he was discharged for failure to maintain the required security clearance. Lyles does not allege a violation of section 7513 or that his position was not sensitive, but couched in constitutional language he attacks the sufficiency of the Army's evidence to support revocation of his clearance. This is precisely what the Supreme Court said he could not do in *Egan*.

■ Lyles' fallback position is that the Army should have transferred him to a nonsensitive position. *Egan* says the Board may determine if transfer to a nonsensitive position is feasible, but as we explain in *Griffin v. Defense Mapping Agency*, 864 F.2d 1579 (1989) decided today, this statement does not create any substantive right to consideration for alternative employment. When one is hired for a position he is expected to meet the requirements of that position. If he does not, he may be dismissed unless additional rights are available from some other source. Here Army Regulation 690–1 gave Lyles the right to be considered for another position. Paragraph 32 provides that, when an employee loses his clearance, if the "employee concerned can be reassigned to a nonsensitive position, such reassignment will be effected." The Army must abide by its own regulation, even if it is more rigorous than necessary. *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *Boddie v. Department of the Navy*, 827 F.2d 1578, 1580 (Fed.Cir.1987) (citing *Service v. Dulles*, 354 U.S. 363, 372, 388, 77 S.Ct. 1152, 1157, 1165, 1 L.Ed.2d 1403 (1957), and *Accardi v. Shaughnessy*, 347 U.S. 260, 265–67, 74 S.Ct. 499, 502–03, 98 L.Ed. 681 (1954)). And the Board, according to *Egan*, may review the Army's efforts under this regulation to reposition Lyles.

Relying on this provision, Lyles alleges the Army committed harmful procedural error in not transferring him to a nonsensitive position. *See* 5 U.S.C. § 7701(c)(2)(A) (1982). The Board found that the Army conducted a search to find a vacant nonsensitive position and reported that none was available. It was then up to Lyles to show

that transfer was feasible. *See* 5 C.F.R. § 1201.56(b) (1988).

Lyles presented a civilian personnel newsletter announcing open nonsensitive positions. The closing dates for applying for these positions, however, were before the date his removal was proposed, and there is no evidence he was qualified for them in any event. Lyles also argued that a position as a forklift operator was open, but again he made no showing that he was eligible for the position. The Board's findings must be upheld unless they are shown to be arbitrary, capricious or an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Lyles has not sustained that burden.

### Conclusion

Accordingly, the decision of the Board is affirmed.

AFFIRMED.