Abraham ABELLA, Freeman Baker, & Michael Martin, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 95–2C.

United States Court of Federal Claims.

Nov. 21, 1995.

William Taugupa, Honolulu, Hawaii, for plaintiffs.

Rhonda K. Schnare, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director Jeanne E. Davidson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on the parties' cross motions for summary judgment pursuant to RCFC 56. The court notes that plaintiffs did not file a reply brief to their motion. For the reasons set forth below, the court grants defendant's motion and denies plaintiffs' motion.

## FACTS

The material facts of this case are not in dispute. Because plaintiffs do not controvert any facts set forth in defendant's proposed findings of facts, the court will borrow liberally from defendant's statement. Plaintiffs Abella, Baker, and Martin were employed as security guards for approximately 6, 10, and 10 years, respectively, at the Pearl Harbor Naval Station in Hawaii when the events surrounding this suit took place. As a condition of plaintiffs' employment as security guards, they were required to maintain valid security clearances. However, plaintiffs' security clearances were revoked after the following serious charges were made against them: (1) falsifying official government documents; (2) making false statements; (3) reporting false information; (4) conspiring to defraud the federal government; and (5) dereliction of duty. After plaintiffs lost their security clearances, they appealed to the Personnel Security Appeals Board, which upheld the revocations. Thereafter, the commanding officer of the Pearl Harbor Naval

**454**

Station terminated plaintiffs' employment as security guards for their failure to maintain security clearances. Plaintiffs appealed their removals to the Merit Systems Protection Board ("MSPB"), which sustained the removals under 5 U.S.C. § 7513 (1994). The MSPB found that plaintiffs had been afforded procedural due process and that the removals promoted the efficiency of the service. Plaintiffs filed this action on January 3, 1995 seeking severance pay under 5 U.S.C. § 5595 (1994).

## DISCUSSION

 Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c). In evaluating a motion for summary judgment, any doubt as to whether a genuine issue of material fact exists must be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Campbell v. United States*, 2 Cl.Ct. 247, 249 (1983). A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment, the court does not "weigh the evidence and determine the truth of the matter but [only] determine[s] whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511. When the moving party has carried its burden, the non-moving party must come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The non-moving party may not discharge its burden by cryptic, conclusory, or generalized responses. *See Willetts v. Ford Motor Co.*, 583 F.2d 852, 856 (6th Cir.1978); *Tunnell v. Wiley*, 514 F.2d 971, 976 (3d Cir.1975).

 When the parties have filed cross motions for summary judgment, as in this case, the court must evaluate each party's motion on its own merits. The court's duty to decide whether summary judgment is appropriate is not abrogated by the fact that both parties argue in favor of summary judgment and allege that there are no genuine issues of fact for trial. *Prineville Sawmill Co. v. United States*, 859 F.2d 905, 911 (Fed.Cir. 1988) (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir. 1987)); *see also Bataco Indus., Inc. v. United States*, 29 Fed.Cl. 318, 322 (1993), *aff'd*, 31 F.3d 1176 (Fed.Cir.1994). Cross motions are simply a claim by each party that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not establish that if one is rejected the other must necessarily be allowed. *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir.1968); *Bataco*, 29 Fed.Cl. at 322.

Defendant filed its motion for summary judgment on the grounds that plaintiffs do not satisfy the statutory requirements necessary to receive severance pay. The severance pay statute states that:

> (b) Under regulations prescribed by the President or such officer or agency as he may designate, an employee who—
>
> > (1) has been employed currently for a continuous period of at least 12 months; and
> >
> > (2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency;
>
> is entitled to be paid severance pay in regular pay periods by the agency from which separated....

5 U.S.C. § 5595(b)(1) & (2).

 Defendant contends that plaintiffs were separated for inefficiency purposes, and thus are not entitled to severance pay. Plaintiffs, on the other hand, urge the court to grant summary judgment on their behalf because they were not removed "on charges of ... inefficiency" as required by the statute. Therefore, the sole question before the court is whether plaintiffs were "remov[ed] for cause on charges of misconduct, delinquency, or inefficiency." *Id.*

In three separate cases, the Court of Appeals for the Federal Circuit has recognized that it is inefficient for employees to keep working after they have lost their security clearances when maintaining a security clear-

ance is a condition precedent to the particular position. Although these cases do not discuss severance pay as described in section 5595, the court finds the discussions relating to inefficiency germane to this case. In *Griffin v. Defense Mapping Agency,* 864 F.2d 1579 (Fed.Cir.1989), petitioner was hired by the Defense Mapping Agency for a position requiring a security clearance. While waiting for his background check to clear, petitioner worked on miscellaneous assignments. When the agency discovered that petitioner had falsified employment forms, it denied the security clearance. Petitioner was then terminated because he was not able to meet the key requirement of holding a security clearance—a necessary condition for the position for which he was hired. The Federal Circuit stated: "When one who is hired for a position fails to meet the essential requirement of that position that he secure a security clearance, not even reasonable accommodation is due." *Id.* at 1581. In a similar case, an Army security guard lost his security clearance for sleeping on duty, inattentiveness to the performance of his duties, and being absent without leave. *Lyles v. Department of Army,* 864 F.2d 1581 (Fed.Cir.1989). Because petitioner's job required a security clearance, the Army removed him. In upholding the removal, the Federal Circuit stated that employees hired for a particular position must satisfy the requirements for that position or risk losing their job. *Id.* at 1583; *see also Skees v. Department of Navy,* 864 F.2d 1576 (Fed.Cir.1989). These cases illustrate that plaintiffs' removals were indeed efficient for the service, and also were based on charges of inefficiency.

Plaintiffs attempt to draw a narrow distinction between the term "inefficiency" as it appears in section 5595 above and in section 7513 as follows:

> (a) Under regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchapter against an employee only for such cause as will promote the efficiency of the service.

5 U.S.C. § 7513. Plaintiffs' actions and the resulting revocation of their security clearances, however, fits squarely within the definition of inefficiency. Thus, plaintiffs' removals from service after the revocations satisfies the inefficiency requirements for both sections 5595 and 7513.

"Inefficiency," as used in section 5595, is defined in the regulations as "unacceptable performance or conduct that *leads to* a separation under ... this chapter or an equivalent procedure." 5 C.F.R. § 550.703 (1995) (emphasis added). Plaintiffs' conduct clearly falls within this definition of inefficiency for at least two reasons. First, because plaintiffs were officially removed from service for their failure to maintain security clearances, their performance was no longer acceptable in satisfying the positions as security guards because those positions required a valid security clearance. Thus, plaintiffs' failure to maintain security clearances, for whatever reason, made performance of their particular jobs unacceptable. It is true that the revocation or denial of a security clearance is not, in itself, an adverse action that the MSPB may review. *Department of Navy v. Egan,* 484 U.S. 518, 530, 108 S.Ct. 818, 825, 98 L.Ed.2d 918 (1988). However, even though the revocation was not an adverse action subject to judicial review, it did indeed constitute "unacceptable performance" leading to separation. If plaintiffs' jobs required them to hold security clearances, then their failure to maintain their clearances was unacceptable.

Second, although plaintiffs were officially removed from service for their failure to maintain security clearances, the conduct warranting serious charges against them, i.e., falsifying official government documents, making false statements, reporting false information, conspiring to defraud the federal government, and dereliction of duty, actually *lead to* the revocation of their security clearances, which made them ineligible for their positions as security guards.

While acknowledging that "removal from their sensitive positions was necessitated by the revocation of their respective security clearances," plaintiffs nonetheless argue that they are entitled to severance pay because the revocation was not the proximate cause of their removals. Plaintiffs argue, rather, that the proximate cause of their removals was the unavailability of nonsensitive positions for reassignment. This argu-

456

ment fails. The court in *Griffin* held that in the absence of an existing agency policy, manifest by regulation, providing for the transfer of employees who lose their required security clearances to nonsensitive positions, the agency is not obligated to provide such a transfer. *Griffin,* 864 F.2d at 1580–81. Therefore, unless the Navy had an agency policy requiring it to transfer employees who no longer hold security clearances to nonsensitive positions, the Navy was not required to find new jobs for plaintiffs, and failure to do so cannot create a substantive right for plaintiffs to receive severance benefits.

■ Plaintiffs correctly point out that section 5595(b) should be "construed liberally and generously in favor of the employee." *Bell v. United States,* 23 Cl.Ct. 73, 78 (1991). However, that is not to say that all former employees seeking severance pay have an automatic entitlement to receive it. On the contrary, former employees must still satisfy the statutory and regulatory requirements. Plaintiffs here have not met those requirements. Moreover, the court in *Bell* and the three cases it cited for the proposition of liberal construction all focus on an issue unrelated to the case at hand—whether the claimants' terminations were voluntary or involuntary.[1]

■ In support of its motion, defendant turns the court's attention to a letter by the Comptroller General addressing a fact pattern very similar to the case at hand. *Alan Dockterman, Esq.,* 1989 WL 240607 (C.G. Mar. 22, 1989). At the outset, the court notes that while Comptroller General decisions are not controlling, this court may accord some deference to these decisions in recognition of GAO's special expertise. *See Baggett Transp. Co. v. United States,* 23 Cl.Ct. 263, 270 n. 3 (1991), *aff'd,* 969 F.2d 1028 (Fed.Cir.1992). In *Dockterman,* petitioner, Alexander Brandt, was involuntarily discharged from his job with the Navy when his security clearance was revoked because he was convicted of tax evasion. Mr. Brandt appealed his dismissal to the MSPB which, among other things, found that his removal promoted the efficiency of the service and

was thus proper. *Brandt v. Department of Navy,* 22 M.S.P.R. 36 (1984). The Federal Circuit affirmed the MSPB's findings. *Brandt v. Department of Navy,* 856 F.2d 202 (Fed.Cir.1988). In addition to challenging his dismissal to the MSPB and Federal Circuit, Mr. Brandt requested severance pay under section 5595. The Agency denied Mr. Brandt's request for severance pay on the grounds that he was removed for inefficiency purposes as set forth in section 5595(b)(2). Mr. Brandt sought review of this decision from the Comptroller General. In light of the decision of the MSPB and the Federal Circuit, finding that Brandt's removal promoted the efficiency of the service, the Comptroller General concluded that the finding of inefficiency for purposes of severance pay was reasonably based, and that the agency was correct in denying severance benefits. The court agrees with the Comptroller General's decision in *Dockterman.* In the case at hand, not only do plaintiffs' terminations promote the efficiency of the service as required in section 7513, but the terminations also demonstrate, as explained above, that plaintiffs were discharged based on charges of inefficiency as set forth in section 5595 and the defining regulations.

To summarize, the court holds that when an employee's security clearance is revoked based on serious allegations of wrongdoing or impropriety, whereupon the employee is terminated from a position that requires a security clearance, that termination satisfies the requirements of inefficiency as defined in section 5595(b)(2), and the employee is not entitled to severance pay. Thus, plaintiffs are not entitled to severance pay.

**CONCLUSION**

Based on the foregoing discussion, plaintiffs' motion for summary judgment is denied and defendant's motion for summary judgment is granted.

**IT IS SO ORDERED.**

1. *Spring v. United States,* 492 F.2d 1053, 1054 (4th Cir.1974); *Santora v. United States,* 9 Cl.Ct. 182, 186 (1985); *Sullivan v. United States,* 4

Cl.Ct. 70, 74–75 (1983), *aff'd per curiam,* 742 F.2d 628 (Fed.Cir.1984).