**Janice R. LACHANCE, Director, Office of Personnel Management, Petitioner,**

v.

**Stephen JOWANOWITCH, Respondent.**

No. 97–3091.

United States Court of Appeals, Federal Circuit.

May 20, 1998.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for petitioner. With him on the brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director. Of counsel were Lorraine Lewis, General Counsel, and Steven E. Abow, Attorney, Office of General Counsel, Office of Personnel Management, Washington, DC.

William W. Osborne, Jr., Osborne Law Offices, P.C., of Washington, DC, argued for respondent. With him on the brief was Marguerite L. Graft.

Before MAYER, Chief Judge,* NEWMAN and PLAGER, Circuit Judges.

MAYER, Chief Judge.

We granted the Director of the Office of Personnel Management's petition for review of an arbitrator's decision, Grievance No. (NC) WP–95–203–ZLA–02, which reversed the Federal Aviation Administration's removal of Stephen Jowanowitch. We reverse.

### Background

Stephen Jowanowitch worked for several years as a Federal Aviation Administration (FAA) Air Traffic Control Specialist. But his 1994 felony conviction led the FAA to revoke his "Secret" security clearance in

---

* Chief Judge Haldane Robert Mayer assumed the position of Chief Judge on December 25, 1997.

March of 1995.** In a letter dated August 17, 1995, the agency notified Jowanowitch that it planned to remove him. The letter explained that his "position require[d] a Secret security clearance" and that "failure to maintain [that] security clearance preclude[d him] from remaining in a position of Air Traffic Control Specialist." Jowanowitch requested that the FAA reassign him to a nonsensitive position—one that did not require any security clearance. The FAA denied his request and removed him effective September 27, 1995.

Jowanowitch grieved the action under the collective bargaining agreement between the FAA and the National Air Traffic Controllers Association. The arbitrator interpreted 5 U.S.C. § 7513(a) (1994), FAA Order 1600.1C (1989), and the applicable collective bargaining agreement together to oblige the FAA either to "reassign the employee to a nonsensitive position or establish by a preponderance of the evidence that the removal of the Grievant is to promote the efficiency of the service." Finding that the FAA did neither, the arbitrator allowed Jowanowitch's grievance and, in part, ordered his reinstatement. The OPM unsuccessfully moved for reconsideration and subsequently petitioned for this court's review.

### Discussion

█ The standard of review for Merit Systems Protection Board cases applies to the arbitrator's decision. *See* 5 U.S.C. § 7121(f) (1994). Thus, unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence, we must affirm it. *See id.* § 7703(c).

In relevant part, 5 U.S.C. § 7513(a) allows "an agency [to remove] an employee only for such cause as will promote the efficiency of the service." FAA Order 1600.1C, which codifies FAA personnel security policy, provides in paragraph 1202(d)(1) that "[a]fter ... a security clearance has been revoked ... management may, in its sole discretion: *Remove the employee* under the applicable

provisions of 5 U.S.C. Section[s] 7511–14, *or permanently reassign the employee to a nonsensitive position.*" (Emphasis added.) Moreover, Article 10 of the collective bargaining agreement set out: "Disciplinary/adverse actions may not be taken against an employee except for such cause as will promote the efficiency of the service. Adverse actions ... must be supported by a preponderance of the evidence."

As noted above, the arbitrator construed the three provisions to require that the FAA (1) make a good faith effort to reassign Jowanowitch permanently to a nonsensitive position or (2) justify, by a preponderance of the evidence, that his removal would promote the efficiency of the service. Applying that construction, the arbitrator concluded: "The Agency has failed to bear its burden of proof on [the efficiency of the service].... [T]here is no evidence that [anything] inhibit[s] his ability to continue to perform assigned duties in a nonsensitive position within the Agency."

█ The arbitrator erroneously presumed Jowanowitch had a substantive right to be considered for reassignment and required the FAA to demonstrate that failing to reassign him to a nonsensitive position, rather than removing him from his sensitive position, would promote the efficiency of the service. In *Lyles v. Department of the Army,* 864 F.2d 1581, 1583 (Fed.Cir.1989), we stated, "When one is hired for a position he is expected to meet the requirements of that position. If he does not, he may be dismissed unless additional rights are available from some other source." Neither the FAA nor any other entity, law, regulation, or instrument appointed Jowanowitch to, removed him from, or entitled him to be considered for a nonsensitive position. He was an Air Traffic Control Specialist. Only whether he could meet the requirements of that position mattered. In removing Jowanowitch, the FAA noted that (1) his position required a Secret security clearance, (2) he lost his clearance, and (3) he consequently could not perform his job. That is sufficient support for the removal action.

** The propriety of the withdrawal of the security    clearance *is not at issue.*

*Conclusion*

Accordingly, we reverse the decision of the arbitrator.

*REVERSED.*