NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN W. ZADZIELSKI,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2011-3213

---

Petition for review of the Merit Systems Protection Board in Case No. PH0752110188-I-1.

---

Decided: February 17, 2012

---

STEVEN W. ZADZIELSKI, of Beachwood, New Jersey, pro se.

ANUJ VOHRA, Trial Attorney, Commercial Litigation Branch, Civil Division, United State Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

Before NEWMAN and BRYSON, *Circuit Judges*, and FOGEL, *District Judge*.[1]

PER CURIAM.

## DECISION

Steven W. Zadzielski petitions for review from a decision of the Merit Systems Protection Board upholding the Navy's action suspending Mr. Zadzielski without pay from his position pending an investigation of his security clearance. We affirm.

## BACKGROUND

Mr. Zadzielski was employed as a Security Specialist at the Naval Air Warfare Center Aircraft Division in Lakehurst, New Jersey, ("NAWCAD") beginning on December 20, 2009. That position is designated a Critical Sensitive position and requires a Top Secret clearance.

On September 29, 2010, Mr. Zadzielski was arrested for voyeurism and lewdness for taking pictures up women's skirts in the lingerie department of a local department store. Mr. Zadzielski reported his arrest to the Security Team Leader at his facility on the day of the arrest. The following day, September 30, 2010, NAWCAD informed Mr. Zadzielski that, as a result of the arrest, it intended to suspend his access to classified information and assignment to a sensitive position. On October 8, 2010, NAWCAD proposed to suspend Mr. Zadzielski

---

[1] Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

indefinitely without pay based on NAWCAD's decision to suspend his assignment to a sensitive position and his access to classified information. On November 22, 2010, NAWCAD suspended Mr. Zadzielski pending a final security clearance decision by the Department of Navy Central Adjudication Facility.

Mr. Zadzielski appealed his suspension to the Merit Systems Protection Board. In his appeal, he argued, *inter alia*, that he should have been given "non-sensitive" duties or had his access to classified information limited in his current position pending a final decision regarding his security clearance. In support of that argument, Mr. Zadzielski attached portions of the Navy's manual regarding its Personnel Security Program, SECNAV M-5510.30.

The administrative judge who was assigned to Mr. Zadzielski's case conducted a telephonic prehearing conference on April 11, 2011. A memorandum documenting the conference stated that "[t]he parties agree[d] to the issue [for the hearing]: 'Whether the Agency provided minimum due process in taking the indefinite suspension action.'"

At the ensuing hearing, Mr. Zadzielski referred to "other evidence that could not be heard today," including evidence of Navy and Department of Defense regulations. The administrative judge responded that in the prehearing conference "we indicated that the only issue [at the hearing] was whether the appellant was given minimum due process rights, and that we could not get into the merits of the appeal."

The administrative judge upheld Mr. Zadzielski's suspension. In his opinion, the administrative judge addressed Mr. Zadzielski's argument that he "should have

been reassigned to a position for which no clearance is needed involving non-sensitive duties." The administrative judge rejected that argument, relying on the declaration of Douglas Lundberg, Director of Civilian Human Resources for the Navy, which stated that "reassignment following loss of a security clearance is not mandatory and the Department of the Navy has never issued and has no plans to issue regulations" to the contrary. *See Van-Duzer v. Dep't of the Navy*, 41 M.S.P.R. 357, 360-61 (1989) (finding no duty to reassign to a non-sensitive position after loss of security clearance, unless agency regulations require such a duty).

## DISCUSSION

In a case involving a security clearance, the Board has a limited role to play. It may not review an agency's decision to suspend or revoke an individual's security clearance, *see Dep't of the Navy v. Egan*, 484 U.S. 518, 530 (1988), nor can it review the agency's decision to require a security clearance for the individual's position, *see Skees v. Dep't of the Navy*, 864 F.2d 1576, 1578 (Fed. Cir. 1989). Mr. Zadzielski, however, raises a claim that is within the Board's authority to consider: that the Navy should have assigned him to duties not requiring a security clearance. *See Griffin v. Def. Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989). In order to establish a right to such an assignment, an employee must show that the agency has a duty, imposed by statute, regulation, or policy, to seek such a position for the employee. In the absence of such a statute, regulation, or policy, there is no general duty for an agency to search for a non-sensitive position for an employee who occupies a sensitive position and whose security clearance is suspended or revoked. *Van-Duzer*, 41 M.S.P.R. at 361-62.

The administrative judge recognized that the question whether the Navy had a duty to seek a non-sensitive position for Mr. Zadzielski was within the Board's competence, but he rejected that claim based on the declaration by Mr. Lundberg stating that the Department of the Navy had "no official policy requiring reassignment following the loss of clearance or the suspension of access to classified information," and that the Department "has never issued, and to the best of my knowledge has no plans to issue, regulations that would require activities to consider reassignment of employees following the loss of a security clearance or the suspension of access to classified information." The administrative judge characterized that evidence as "unchallenged," but did not advert to the regulations that Mr. Zadzielski submitted. While the issue of reassignment was not discussed at the hearing before the administrative judge, both the Lundberg declaration and the regulations submitted by Mr. Zadzielski were part of the record and available to the administrative judge in making his decision.

While it may have been imprecise for the administrative judge to characterize the Lundberg statement as "unchallenged" in light of Mr. Zadzielski's submissions, the regulations that Mr. Zadzielski submitted do not establish that the Navy had a policy or a regulatory duty to seek a non-sensitive position for an employee in his situation. Neither in his submission to the Board nor in his brief to this court did Mr. Zadzielski point to any specific provision of SECNAV M-5510.30 that imposes such a duty on the Navy. Moreover, we have reviewed the submitted portions of SECNAV M-5510.30 and have found nothing that creates such a duty. Our conclusion in that regard is consistent not only with the declaration of Mr. Lundberg, but also with previous decisions regarding the Navy's duty to search for non-sensitive positions when

an employee loses his security clearance eligibility. *Compare Skees*, 864 F.2d at 1578 (no Navy regulation creates a duty by the Navy to search for a non-sensitive position), *with Lyles v. Dep't of the Army*, 864 F.2d 1581, 1583 (Fed. Cir. 1989) (Army regulation creates an affirmative duty by the Army to search for a non-sensitive position).   Because the evidence supports the Board's conclusion that the Navy had no such duty, we sustain the Board's decision in this case.

No costs.

**AFFIRMED**