# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANIELLA ORTOLANO, | DOCKET NUMBER |
| Appellant, | NY-0752-13-0155-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: February 4, 2015 |
| ADMINISTRATION, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Daniel Kravetz, New York, New York, for the appellant.

David B. Myers, Esquire, and John M. Kelly, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed its removal of the appellant. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the agency's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

¶2 The agency removed the appellant from her position as a Service Representative, GS-0962-08, in the East Village District Office, New York, New York, based on a charge of excessive absence, alleging that she worked only 482.25 hours between March 12, 2009, and August 31, 2012. Initial Appeal File (IAF), Tab 1, Tab 6, Subtabs 4b-4c.

¶3 This appeal followed. IAF, Tab 1. The appellant raised an affirmative defense of disability discrimination, claiming that she suffered from a compensable back injury that caused her ongoing pain and mobility issues. *Id.* at 5. While the appeal was pending, the Office of Personnel Management (OPM) approved her application for disability retirement. IAF, Tab 27.[2]

¶4 After a hearing, the administrative judge determined that the agency proved its charge but that the appellant failed to establish her affirmative defense, concluding that she did not meet the definition of a qualified individual with a disability. IAF, Tab 29, Initial Decision (ID) at 12-15. The administrative judge nevertheless reversed the agency's removal action on the ground that the agency had violated her right to due process. ID at 15-16. Specifically, the administrative judge determined that the deciding official, an Assistant District Manager, lacked the authority to reassign the appellant, that she was the decisionmaker in name only, and that the District Manager and the Area Manager made the actual decision to remove her. ID at 16.

¶5 On review, the agency contends that the administrative judge erroneously found that the appellant had been denied due process. Petition for Review (PFR) File, Tab 1 at 10-20. The agency further asserts that the administrative judge abused her discretion by ordering interim relief. *Id.* at 20-22. The appellant has

---

[2] OPM initially denied the appellant's application for disability retirement. IAF, Tab 6, Subtabs 4h, 4*l*, 4o.

filed a response addressing only the agency's arguments regarding due process. PFR File, Tab 3.

¶6      We agree with the administrative judge's findings on the merits of the underlying charge. The record supports the administrative judge's determination that: (1) the appellant was absent for compelling reasons beyond her control so that the agency's approval or disapproval was immaterial because she could not be on the job; (2) her absences continued beyond a reasonable time, and the agency warned her that an adverse action could be taken unless she became available for duty on a regular, full-time or part-time basis; and (3) the position had to be filled by an employee available for duty on a regular, full-time or part-time basis. *See Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 5 (2012); ID at 4-13 (summarizing the record evidence and testimony). The administrative judge also properly rejected the appellant's affirmative defense of disability discrimination. *See* ID at 13-15.

¶7      We turn to the administrative judge's findings on due process. It is a violation of due process for a final decision concerning an adverse action to be determined by a biased decisionmaker or by a decisionmaker in a situation structured such that the risk of unfairness is intolerably high. *Svejda v. Department of the Interior*, 7 M.S.P.R. 108, 111 (1981) (citing *Withrow v. Larkin*, 421 U.S. 35, 58 (1975)). In addition, the ultimate decision sustaining a proposed disciplinary action must be made by the person deemed as the deciding official, and not by some other individual. *See Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 668 (1991); *see also Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 9 (2014) (disagreeing with the appellant's assertion that the deciding official simply followed the orders he was given and could not make an independent judgment and finding that the agency's procedures therefore satisfied the requirements of due process). When a procedural due process violation has occurred, the Board must reverse the adverse action, and the appellant is entitled to a new constitutionally-correct administrative procedure.

*Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1377 (Fed. Cir. 1999).  If the agency's apparent error does not rise to the level of a due process violation, the Board is nevertheless required to analyze the facts under harmful error analysis to determine whether the procedural error is a reversible one.  *Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1281-82 (Fed. Cir. 2011).

¶8      The administrative judge appears to have based her conclusion that the deciding official was a decisionmaker in name only, given the deciding official's testimony that she did not have the authority to reassign the appellant to another location.  ID at 16; *see* IAF, Tab 6, Subtab 4b; Hearing Transcript (HT) at 85 (located at PFR File, Tab 1 at 109).[3]  We disagree that lacking authority to reassign an employee to a different facility renders unconstitutional a deciding official's decision to sustain the removal.  The Board has recently clarified in the security clearance context that due process requires that an employee be permitted to invoke the discretion of a deciding official who has the authority to select from among alternative penalties, to the extent such alternatives are permitted, feasible, and within management's purview.  *Ryan v. Department of Homeland Security*, [121 M.S.P.R. 460](#) (2014).  Reassignment, however, is not an alternative penalty.[4]  Further, the U.S. Court of Appeals for the Federal Circuit held in *Griffin v. Defense Mapping Agency*, [864 F.2d 1579](#) (Fed. Cir. 1989), and *Lyles v. Department of the Army*, [864 F.2d 1581](#) (Fed. Cir. 1989), that if an appellant does not have a right to be considered for a reassignment following the suspension of her security clearance unless granted by agency policy, statute, or

---

[3] Through her representative, the appellant had requested reassignment to the Manhattan Social Security Card Center as a reasonable accommodation.  IAF, Tab 6, Subtab 4b; *see also* HT at 84-85.

[4] For purposes of this decision, when we are discussing a "reassignment," we are not referring to situations involving management-directed reassignments, which also are not per se penalties.  Such reassignments may occur when the agency is trying to avoid a reduction-in-force or for other reasons such as when management laterally moves an employee within the organizations or between organizations to better use that employee's skills in another equivalent position.

regulation, then she does not have a greater due process right to be considered for such a reassignment. Here, it is undisputed that the agency was not obligated to reassign the appellant. ID at 16. Applying the foregoing principles, because the appellant did not have right to be considered for reassignment, it was not a violation of due process for the deciding official to lack the unilateral authority to reassign her.

¶9 This leaves the unresolved question of whether the deciding official was acting with sufficient independence or whether she was the deciding official in name only. The initial decision contains little in the way of analysis of this issue independent of the administrative judge's discussion of the deciding official's authority to reassign the appellant. Further, because there is conflicting testimony on this issue, the issue of whether the deciding official lacked the requisite independence cannot be adequately addressed absent credibility determinations. For instance, when asked if she was the decisionmaker, the deciding official testified that she "signed the decision to remove" the appellant. HT at 80. However, the Area Manager testified that it was "my decision along with the [District] Manager" to remove the appellant, that the deciding official's authority was "delegated," and that he was the ultimate decisionmaker for personnel affairs in the area he managed. HT at 183-84. Other parts of the deciding official's testimony, though, indicate that she played a more active role. The administrative judge did not conduct any detailed analysis of witness credibility on this matter pursuant to the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). As the hearing official, the administrative judge is in the best position to assess witness crediblity. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1299-1300 (Fed. Cir. 2002).

¶10 Accordingly, we REMAND this case to the New York Field Office to allow the administrative judge to assess witness credibility and to obtain any additional evidence she needs to resolve the issue. *See, e.g., Thomas v. U.S. Postal*

*Service*, [116 M.S.P.R. 453](#), ¶¶ 12-13 (2011).[5] On remand, the administrative judge should provide a more extensive analysis of the due process issue pursuant to the standard set forth in *Spithaler*, applying the Federal Circuit's holdings in *Ward* and *Stone*, as well as applicable Board law. If the administrative judge reexamines the evidence and finds that the agency did not violate the appellant's right of due process, she shall conduct a harmful error analysis concerning this issue. If neither a due process violation nor harmful error is found, the administrative judge shall make findings as to nexus and penalty. In conducting her analysis, the administrative judge shall allow the parties to provide additional relevant evidence and argument, including the presentation of additional hearing testimony, if needed.[6]

---

[5] The agency further argues that, because the administrative judge raised the due process issue sua sponte, the initial decision is contrary to the Board's decision in *Martinez v. Department of Veterans Affairs*. PFR File, Tab 1 at 15-16; *see Martinez v. Department of Veterans Affairs*, [119 M.S.P.R. 37](#), ¶7 (2012). *Martinez* "reaffirmed that an employee must assert specific allegations indicating that the agency's choice of the deciding official made the risk of unfairness to the appellant intolerably high in order to establish a due process violation based upon the identity of a deciding official." *Lange v. Department of Justice*, [119 M.S.P.R. 625](#), ¶ 9 (2013) (internal quotations omitted) (citing *Martinez*, [119 M.S.P.R. 37](#), ¶7). Contrary to the agency's objections, the Board *may* raise potential due process violations sua sponte. *See Powers v. Department of the Treasury*, [86 M.S.P.R. 256](#), ¶ 10 n.3 (2000).

[6] On review, the agency also asserts that interim relief was improper and unreasonably burdensome. *See* PFR File, Tab 1 at 20-22. We find no abuse of discretion. Even assuming that the administrative judge did abuse her discretion, the agency's arguments are now moot because interim relief is in effect only pending the disposition of a petition for review. *See* [5 U.S.C. § 7701](#)(b)(2)(A); *Garcia v. Department of State*, [106 M.S.P.R. 583](#), ¶ 7 (2007).

**ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                    _____
                                                                 William D. Spencer
                                                                 Clerk of the Board

Washington, D.C.