UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FRANK E. PISTILLI, | DOCKET NUMBER |
| Appellant, | NY-0752-13-0032-I-2 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: January 5, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frank E. Pistilli, Dix Hills, New York, pro se.

Eileen P. Collins, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from his Investigative Analyst (IA) position for his failure to meet a requirement of his position, i.e., hold a top secret security clearance. The appellant appealed and the administrative judge affirmed his removal. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-11-0001-I-2, Initial Decision (0001-I-2 ID) (Mar. 10, 2011). Although the appellant's position did not require such a credential when the agency hired him, the agency subsequently determined that all the employees in the appellant's work unit, the Narcotics and Counterterrorism Lead Detection Center (LDC), should be required to have a top secret security clearance, and it therefore began the process of first requesting the required credential and then reassigning each employee once they received it. 0001-I-2 ID at 2-3. However, because the agency denied the appellant's security clearance application, instead of reassigning him, the agency removed him and, as noted above, the administrative judge affirmed the agency's action. 0001-I-2 ID at 3-4.

¶3    The appellant filed a petition for review and the Board canceled his removal, finding that, because the agency had not yet actually reassigned him to a position that required a security clearance when it removed him, the agency had failed to prove its charge. *Pistilli v. Department of the Treasury*, MSPB Docket

No. NY-0752-11-0001-I-2, Final Order (Dec. 14, 2011). The appellant then filed a petition for enforcement in which he challenged the details of his subsequent reinstatement. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-11-0001-C-1. While the appellant's petition for enforcement was pending before the Board, the agency informed him that he could not continue in the detail assignment that it had restored him to because there was not enough appropriate work available, and it gave him a choice between IA positions: his desired position in the LDC, which required a top secret security clearance and for which he would need to begin the process of requesting one; or a position in a field office, which did not require one. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-13-0032-I-2, Refiled Appeal File (RAF),[2] Tab 16 at 3, 20, 22, 25-28. The record does not reflect that the appellant responded to that notice and the agency then sent him a letter in which it again offered him a position that did not require a top secret security clearance. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-13-0032-I-1, Initial Appeal File (IAF), Tab 4, Subtab 4O.

¶4 The administrative judge subsequently denied the appellant's petition for enforcement, *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-11-0001-C-1, Initial Decision (Aug. 15, 2012), and the appellant filed a petition for review. On review, the Board noted the strict limitations on its authority in cases involving security clearance determinations, which prohibit any review of the agency's determination that a particular position requires a security clearance. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-11-0001-C-1,

---

[2] The administrative judge dismissed the instant action without prejudice pending the outcome of the appellant's petition for enforcement. *See Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-13-0032-I-1, Initial Appeal File, Tab 8, Initial Decision. Following the issuance of the Board's final order finding the agency in compliance, the appellant refiled this appeal consonant with the administrative judge's instructions. *Pistilli v. Department of the Treasury*, MSPB Docket No. NY-0752-11-0001-C-1, Final Order (Nov. 20, 2013); RAF, Tab 1.

Final Order (Nov. 20, 2013) (citing *Skees v. Department of the Navy,* 864 F.2d 1576, 1578 (Fed. Cir. 1989) ("If the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance.")). In light of the Board's inability to order the appellant into a position that the agency determined required him to hold a clearance he did not possess, we found that the agency returned the appellant to the status quo ante when it placed him in the detail assignment he held prior to his removal, an IA position in the field office that did not require a security clearance but involved similar duties. *Id.* The appellant complained about the circumstances of his reinstatement at the field office several times over the next month, asserting that the agency would not give him any assignments and that his work station was substandard, RAF, Tab 6 at 8-10, but the administrative judge found that the record reflected that the appellant was not interested in being permanently assigned to an IA position in that location and instead wanted an IA position at the LDC, RAF, Tab 20, Initial Decision (ID) at 13.

¶5        In keeping with the appellant's expressed desire, the agency subsequently reassigned him to an IA position in the LDC, which, as was the case with all such positions in the LDC, required a top secret security clearance, and instructed him to begin the process of acquiring the necessary credential. IAF, Tab 4, Subtab 4K. The appellant declined the reassignment because he did not possess a security clearance and unilaterally decided that he henceforth would work from home and report to his assigned office for administrative purposes only. *Id.*, Subtab 4J. The agency informed the appellant that he would be considered absent without leave and might face disciplinary action if he did not report to his assigned office. *Id.*, Subtab 4I. The agency again requested that the appellant begin the background investigation process. RAF, Tab 16, Exhibit 5 at 3.

¶6        The appellant subsequently informed the agency that he was forced to retire. IAF, Tab 4, Subtab 4F. The agency urged the appellant to think about his

decision, informing him that he still had an IA position in the field office and the agency had work assignments for him. *Id.*, Subtab 4E. Nevertheless, later that same day, the appellant turned in his identification badge and computer and, several days later, submitted a retirement application. *Id.*, Subtabs 4E-4G. Because the appellant asserted that his retirement was not voluntary, the agency provided him notice regarding the Board's appeal process. *Id.*, Subtab 4A. This appeal followed. IAF, Tab 1. The appellant did not request a hearing. *Id.*

¶7        After providing an exhaustive review of the background and procedural history involved, excerpted in pertinent part here, the administrative judge found that the appellant failed to establish by preponderant evidence that he involuntarily retired and therefore dismissed the appeal for lack of jurisdiction. ID. In finding that the appellant failed to establish that his retirement was involuntary, the administrative judge relied on *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532 (2014). ID at 14.

¶8        In his petition for review, the appellant argues that the administrative judge neglected to address the agency's unilateral decision to reassign him to an IA position requiring a top secret security clearance, which he asserts he cannot obtain. Petition for Review (PFR) File, Tab 1 at 4. He claims that his reassignment violated both agency policy and law and also directly contradicted sworn testimony that he could not occupy such a position. *Id.* The appellant argues that, contrary to the findings set forth in the initial decision, he expressed his interest in accepting a position that did not require a top secret security clearance and that his telephone calls and email messages asking for a formal transfer memorandum regarding that position were to no avail. *Id.* at 5-6. He again contends that his reinstatement without being provided work assignments was an indefinite suspension, and challenges the administrative judge's conclusion that he retired to avoid going through the background check, insisting that such concerns had nothing to do with his decision. *Id.* at 8. The appellant reiterates that he involuntarily retired due to the cumulative effect of the agency's

actions in, among other things, forcing him to work by himself, not providing him with work to do, and requiring him nevertheless to report for duty. *Id.* He attempts to distinguish his case from *Putnam*, 121 M.S.P.R. 532, arguing that he never received a top secret security clearance and therefore did not have his security clearance suspended as did the appellant in *Putnam. Id.* Finally, the appellant cites his supervisor's email, sent after the appellant's retirement, proclaiming "Houston, we have liftoff," as evidence that the agency sought to have him retire. *Id.* at 10. The agency responds in opposition and the appellant provides a reply to the agency's response. PFR File, Tabs 3-4.

¶9        A retirement is presumed to be voluntary and outside of the Board's jurisdiction. *E.g.*, *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). An involuntary retirement, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75. *Id.* An appellant must make nonfrivolous allegations of jurisdiction to be entitled to a hearing, at which point he must prove his claim by a preponderance of the evidence. *Id.*[3] An employee who claims that his retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, including by showing that the retirement was the result of intolerable working conditions. *Id.*, ¶ 17; *see, e.g.*, *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013). However, the doctrine of coercive involuntariness is narrow and requires the individual invoking it to satisfy a demanding, objective legal standard, i.e., establishing that a reasonable employee confronted with the same circumstances would feel coerced to retire. *Id.* When an appellant raises an allegation of discrimination or retaliation in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of involuntariness. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996).

---

[3] Although the administrative judge found that the appellant made nonfrivolous allegations sufficient to establish jurisdiction over the appeal, as noted above, the appellant did not request a hearing. IAF, Tab 1 at 2.

As the following discussion indicates, we agree with the administrative judge that the appellant failed to establish by preponderant evidence that he had no choice but to retire.

¶10   Agencies have broad discretion to reassign their employees. *Cf.*, *Frey v. Department of Labor*, 359 F.3d 1355, 1360 (Fed. Cir. 2004) (involving a geographical reassignment); *see* 5 C.F.R. § 332.102. "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary." *Conforto*, 713 F.3d at 1121. Thus, "coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels he has no realistic option but to leave." *Id*. at 1121-22 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)). Importantly, under this test for involuntariness, "the coercion must be the result of improper acts by the agency." *Id*. at 1122.

¶11   However, there is nothing improper about the agency's decision to reassign the appellant under the facts in this appeal. In *Putnam*, the Board found that the suspension of a security clearance alone failed to rise to the level of coercion for purposes of a constructive adverse action. *Putnam*, 121 M.S.P.R. 532, ¶ 23. We likewise do not perceive the agency's instruction for the appellant to apply for one to be coercive under the circumstances in this case.

¶12   Thus, the appellant's choice to retire, rather than apply for the security clearance required for the position to which the agency legitimately reassigned him, was not the result of coercion. Although the appellant protests that his reassignment was improper because the agency knew he could not pass the required investigation for the security clearance, he provides no support for this assertion, and then contradicts himself by stating that he had no interest in avoiding the background check, intimating that he would be able to pass such a

review. PFR File, Tab 1 at 8. Although the appellant argues that the agency ultimately reneged on its offer of a position that did not require him to possess a top secret security clearance, *id.* at 6, he provides no support for his implicit assertion that the agency somehow was obligated to provide him with one. When an employee fails to meet the requirements of a position, "he may be dismissed unless additional rights are available from some other source." *Lyles v. Department of the Army*, 864 F.2d 1581, 1583 (Fed. Cir. 1989). The appellant identifies no such source here.

¶13    Accordingly, we find that the agency was fully within its rights to reassign the appellant to a position requiring a top secret security clearance, and the appellant has failed to identify the source of his implied right to a position that does not require one. Further, the fact that the agency continued to pay the appellant until his retirement indicates that the agency did not indefinitely suspend him. ID at 14. We agree with the administrative judge that, as in *Putnam*, 121 M.S.P.R. 532, ¶ 23, the appellant's choice to retire in this matter rather than to even begin the security clearance process, much less wait for a final disposition, was not the result of improper pressure, intimidation, or coercion. ID at 14. Moreover, we find that the agency's actions cited to by the appellant on review ultimately did not operate to deprive him of his freedom of choice in this matter.[4]

---

[4] The fact that the appellant needed to begin the security clearance process, whereas the appellant in *Putnam* had her clearance suspended and then revoked, does not distinguish his case. Some of the agency's actions, particularly the email message cited above that one of the appellant's supervisors sent after the appellant retired, are unseemly and troubling. Nevertheless, as the administrative judge found, the supervisor sent the email in question after the appellant retired, and so it could not have influenced the appellant's decision. ID at 14.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.