# United States Court of Appeals for the Federal Circuit

2006-3375

JOSE D. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Mathew B. Tully, Tully, Rinckey & Associates, P.L.L.C., of Albany, New York, for petitioner.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director. Of counsel on the brief was Lieutenant Colonel Kenneth Bullock, Air Force Legal Operation Agency, United States Air Force, of Arlington, Virginia. Of counsel was Captain Richard S. O'Brien.

Appealed from: United States Merit Systems Protection Board

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2006-3375


JOSE D. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED:   August 27, 2007
_____


Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u> and LOURIE, <u>Circuit Judge</u>.

MAYER, <u>Circuit Judge</u>.

Jose D. Hernandez appeals the decision of the Merit Systems Protection Board ("board"), dismissing his appeal as moot. <u>Hernandez v. Dep't of the Air Force</u>, 102 M.S.P.R. 515 (2006). Because the board erred by declining to remand his claim under <u>Butterbaugh v. Department of Justice</u>, 336 F.3d 1332 (Fed. Cir. 2003), for further proceedings as related to alleged violations occurring prior to the enactment of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333, we reverse-in-part and remand.

## Background

Under 5 U.S.C. § 6323(a)(1), as relevant to this appeal, federal government employees who are members of the Armed Forces Reserve components are entitled to

15 days of annual military leave "without loss in pay, time, or performance or efficiency rating for active duty [or] inactive-duty training." Id. Moreover, reservists can carry-over up to 15 days of military leave from one year to the next, thereby enabling them to begin a fiscal year with as many as 30 days of military leave. Id. Prior to the 2000 amendment to section 6323, the government's standard practice was to charge reservists military leave for every day they were away on reserve duty, even if the reservist was not scheduled to work at his civilian job some of those days. In other words, a regular Monday to Friday employee who had reserve training from a Monday through Tuesday of the following week would be charged for nine days of military leave, rather than seven. However, in Butterbaugh, we held that this practice was contrary to section 6323 and constituted the denial of a benefit of employment in violation of USERRA. 336 F.3d at 1336, 1343.

Hernandez is a retired aircraft mechanic for the Department of the Air Force ("department") and a former member of the military reserves. On January 24, 2005, he filed a Butterbaugh claim with the board, alleging that he had been erroneously charged military leave from 1980 to 2001, and that as a result he was improperly forced to use annual leave, sick leave, and leave without pay. In his initial submission, Hernandez did not identify the specific days on which he was improperly charged leave, and the administrative judge ("AJ") suspended his case in order to allow both parties sufficient time to obtain the documents necessary to establish the precise dates at issue.

On February 19, 2005, Hernandez served the department with discovery requests, to which it responded two months later. In addition, on Hernandez's motion, the AJ issued two subpoenas for the production of his civilian and military pay records in

the possession of the United States Department of Defense Finance & Accounting Service ("DFAS"). However, because the AJ understood the board's remedial authority under USERRA, 38 U.S.C. § 4324(c), to be limited to events occurring after its enactment, October 13, 1994, he confined the subpoenas to documents from that date through 2004. Hernandez v. Dep't of the Air Force, AT-3443-05-0300-I-1, slip op. at 4-5 (MSPB Sept. 9, 2005).

Based on the records obtained in discovery, Hernandez identified 12 days from 1997 to 2000 for which he had been improperly charged military leave, a figure with which the department agreed. Accordingly, it unilaterally corrected its records to reflect the improper charges; issued a retroactive time and attendance remedy ticket to DFAS requesting correction of his pay records; requested that DFAS credit him with the three days of annual leave that he had been forced to use as a result of the improperly charged military leave; and initiated payment for 15 days of annual leave, apparently reflecting the 12 days of improperly charged military leave and three days of improperly charged annual leave. The department then moved to dismiss Hernandez's complaint as moot, arguing that he had received all relief to which he was entitled. In view of the finding that USERRA only allowed relief for violations occurring after its enactment, the AJ granted the government's motion to dismiss.

Hernandez then appealed to the board. Before his appeal was heard, the board determined in Garcia v. Department of State, 101 M.S.P.R. 172 (2006), that it was authorized to adjudicate USERRA claims arising from prohibited pre-enactment conduct. Although the board therefore found that the AJ had improperly limited his inquiry to post-enactment conduct, it nevertheless concluded that Hernandez had not

been substantively prejudiced. It reasoned that he was provided with sufficient opportunity to prove his alleged pre-enactment USERRA violations and that the AJ's erroneous ruling had not caused him to abandon his pre-enactment claims. With respect to post-enactment claims, it agreed with the AJ that he had already been afforded complete relief. Accordingly, the board dismissed his complaint as moot. Hernandez appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

<u>Discussion</u>

We must affirm the decision of the board unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The burden of establishing reversible error rests on Hernandez. <u>Sacco v. Dep't of Justice</u>, 317 F.3d 1384, 1386 (Fed. Cir. 2003).

Hernandez advances two arguments: First, he contends that the AJ's initial determination that he could not recover for <u>Butterbaugh</u> violations pre-dating USERRA prejudiced his pre-1994 claims, and that the board erred by declining to remand those claims for further proceedings; we agree. Second, he argues that because he has not yet been afforded complete relief on his post-1994 claims, the board erred by dismissing them as moot; we disagree.

Before addressing Hernandez's first argument, however, we must, as a threshold matter, determine whether the board has authority to order relief for <u>Butterbaugh</u> violations pre-dating USERRA's enactment; we hold that it does. While the substantive provisions of USERRA do not apply retroactively, the act itself does not set out any

2006-3375                                4

limitations period for bringing claims under it. 38 U.S.C. § 4324(c)(1)[1]; <u>Fernandez v. Dep't of the Army</u>, 234 F.3d 553, 557 (Fed. Cir. 2000). Accordingly, where a governmental action violated a veterans' protection statute in effect at the time the conduct occurred, the board has jurisdiction under USERRA to adjudicate claims arising from that past violation, regardless of whether it occurred before, on, or after October 13, 1994. <u>Fernandez</u>, 234 F.3d at 557.

Here, as well as violating USERRA under <u>Butterbaugh</u>, the department's pre-2000 practice of charging military leave also violated USERRA's predecessor statute, the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRAA"), Pub. L. No. 93-508, 88 Stat. 1578. Indeed, VEVRAA provides that a federal government employee "shall not be denied hiring, retention in employment, or any promotion or other <u>incident or advantage of employment</u> because of any obligation as a member of a Reserve component of the Armed Forces." 38 U.S.C. § 2021(b)(3) (1988) (emphasis added). We, as well as our sister circuits, have interpreted this provision broadly, finding "incident or advantage of employment" to include: the opportunity to select work hours, <u>Allen v. U.S. Postal Serv.</u>, 142 F.3d 1444, 1446-47 (Fed. Cir. 1998); holiday pay, <u>Waltermyer v. Aluminum Co. of Am.</u>, 804 F.2d 821, 824-25 (3d Cir. 1986); and overtime opportunities, <u>Carney v. Cummins Engine Co.</u>, 602 F.2d 763, 766-67 (7th Cir. 1979). It would be inconsistent with these precedents if military leave were not also encompassed within the "incident or advantage of employment" provision. This is

---

[1]    38 U.S.C. § 4324(c)(1) provides in pertinent part:

The Merit Systems Protection Board shall adjudicate any complaint brought before the Board pursuant to subsection (a)(2)(A) or (b), without regard as to whether the complaint accrued before, on, or after October 13, 1994.

especially so in view of the canon that "provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor." King v. St. Vincent's Hosp., 502 U.S. 215, 220 n.9 (1991); see also Kirkendall v. Dep't of the Army, 479 F.3d 830, 843-44 (Fed. Cir. 2007) (en banc).

Furthermore, the period for recovery under USERRA is governed exclusively by 38 U.S.C. § 4324(c), and is not limited by the Back Pay Act, 5 U.S.C. § 5596,[2] or the Barring Act, 31 U.S.C. § 3702.[3] Those statutes contain general background provisions restricting recovery against the government for past-due pay, leave, or compensation to a six-year period. However, they are inapplicable here because "[w]here there is no

---

[2]     5 U.S.C. § 5596(b)(4) provides:

The pay, allowances, or differentials granted under this section for the period for which an unjustified or unwarranted personnel action was in effect shall not exceed that authorized by the applicable law, rule, regulations, or collective bargaining agreement under which the unjustified or unwarranted personnel action is found, except that in no case may pay, allowances, or differentials be granted under this section for a period beginning more than 6 years before the date of the filing of a timely appeal or, absent such filing, the date of the administrative determination.

[3]     31 U.S.C. § 3702 provides in pertinent part:

(a) Except as provided in this chapter or another law, all claims of or against the United States Government shall be settled as follows:
. . .
    (2) The Director of the Office of Personnel Management shall settle claims involving Federal civilian employees' compensation and leave.
. . .
(b) (1) A claim against the Government presented under this section must contain the signature and address of the claimant or an authorized representative. The claim must be received by the official responsible under subsection (a) for settling the claim or by the agency that conducts the activity from which the claim arises within 6 years after the claim accrues except—

    (A) as provided in this chapter or another law . . . .

---

2006-3375                              6

clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." Morton v. Mancari, 417 U.S. 535, 550-51 (1974); see also First Nationwide Bank v. United States, 431 F.3d 1342, 1348 (Fed. Cir. 2005). Because of the absence of any indication that Congress intended that something other than section 4324(c)(1) apply to claims brought under USERRA, we adhere to this rule of statutory construction. Moreover, our conclusion is consistent with, and further supported by, Congress' broad remedial intent in enacting USERRA,[4] and the canon that veterans' benefits statutes are liberally construed in favor of the veteran. Therefore, the board has the authority to order relief covering the entire period of Hernandez's alleged Butterbaugh violations.

With respect to the merits of his pre-USERRA claims, the board erred by failing to remand them for further proceedings. Hernandez has asserted entitlement at all stages of this litigation to recovery for pre-1994 Butterbaugh violations, and his requests to subpoena DFAS records covered the entire period from 1980 to 2001. The sole basis for the AJ's decision to decline extending the subpoenas to records pre-dating

---

[4] The congressionally-stated purpose of USERRA is:

  (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;

  (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and

  (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C. § 4301(a).

October 13, 1994, was his mistaken belief that Hernandez could not recover for pre-USERRA violations. However, because Hernandez may recover for any such violations, nothing in the record supports the AJ's timing restriction. Once the AJ issued a subpoena, he had an obligation to tailor it in accordance with the correct law. Cf. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267-68 (1954) (finding that agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions); see also Lyles v. Dep't of the Army, 864 F.2d 1581, 1583 (Fed. Cir. 1989) ("The Army must abide by its own regulation, even if it is more rigorous than necessary."). Under a proper understanding of USERRA and the board's jurisdiction, the scope of the AJ's subpoenas was arbitrary and capricious because no reasoned basis existed to exclude pre-USERRA records, while ordering production of post-USERRA ones. See Butterbaugh, 336 F.3d at 1339.

The government argues, however, that the AJ's error was harmless, or at least not so substantively prejudicial as to require a remand, because Hernandez has already had a sufficient opportunity to obtain the documents necessary to prove his claims. We find this argument disingenuous at best. It was precisely because he was having difficulty obtaining records from DFAS that Hernandez moved for the AJ to subpoena records. And even if he had been able to obtain the necessary documents on his own, he still would have been denied relief on his pre-USERRA claims, because the AJ mistakenly thought pre-USERRA relief fell outside the scope of the board's authority. Moreover, it was not until after Hernandez had filed his appeal with the board, i.e., after Garcia was decided, that he had the first opportunity to have his case decided under the correct law. But neither we, nor the board, may consider in the first instance evidence

not presented to the AJ.  See Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986); Avansino v. U.S. Postal Serv., 3 M.S.P.R. 211, 214 (1980).  Under these circumstances, Hernandez cannot be faulted for having failed to acquire the necessary documents to prove his pre-USERRA claims, and it was inappropriate for the board to bar relief under those claims and dismiss them as moot.

Instead, the appropriate remedy is to remand his pre-USERRA claims for the AJ to revisit his subpoena orders and allow Hernandez further opportunity to obtain the necessary records from DFAS.  This is consistent with the board's practice in similar cases.  See, e.g., Pratt v. Dep't of Trans., 103 M.S.P.R. 111 (2006); Freiheit v. Dep't of Trans., 102 M.S.P.R. 423 (2006); Dombrowski v. Dep't of Veterans Affairs, 102 M.S.P.R. 160 (2006).  In addition, it more accurately honors Congress' intent under USERRA.  See 38 U.S.C. § 4301(a); St. Vincent's Hosp., 502 U.S. at 220 n.9.

With respect to his post-USERRA claims, we agree with the board that they are moot because Hernandez has already received complete relief under them.  See County of L.A. v. Davis, 440 U.S. 625, 631 (1979); Cooper v. Dep't of the Navy, 108 F.3d 324, 326 (Fed. Cir. 1997).  By restoring the 12 days of improperly charged military leave, restoring the three days of improperly charged annual leave, and issuing a time and attendance remedy ticket to DFAS, the department has fully complied with the law and placed Hernandez in at least as good of a position as he would have occupied if not for the post-1994 USERRA violations.  His contention that he is nevertheless entitled to a compliance order is without merit.  Even if, despite his retired status, he could be harmed in a judicially cognizable manner by ongoing improper charges of military leave, there is no evidence that the department has failed to comply with Butterbaugh's

requirements.  To the contrary, it appears that the department's present practice is fully in accord with 5 U.S.C. § 6323.  Accordingly, there is no further effective relief that the board can order, and Hernandez's post-USERRA claims are moot.  See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (finding that where an action has no continuing adverse impact and there is no effective relief that a court may grant, any request for judicial review of the action is moot).

## Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed-in-part and reversed-in-part, and the case is remanded for further proceedings in accordance with this opinion.

AFFIRMED-IN-PART; REVERSED-IN-PART; and REMANDED