NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHIRLEY J. BATCHELOR,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3189

---

Petition for review of the Merit Systems Protection Board in case no. AT0752101089-I-1.

---

Decided: February 3, 2012

---

SHIRLEY J. BATCHELOR, of Mableton, Georgia, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

This case is an appeal from a decision by the Merit Systems Protection Board (Board) dismissing Shirley J. Batchelor's appeal as untimely filed. Because there is substantial evidence supporting the Board's decision, and because the decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

Ms. Batchelor retired from her position at the Department of Housing and Urban Development. She subsequently filed an Equal Employment Opportunity complaint alleging that her retirement was involuntary and thus a constructive termination based on discrimination. A final agency decision providing a right of appeal to the Board was received by Ms. Batchelor's attorney on July 17, 2010. Ms. Batchelor submitted her appeal to the Board's Atlanta Regional Office on September 20, 2010.

The Board issued an order to show cause why Ms. Batchelor's appeal should not be dismissed as untimely filed. In response, Ms. Batchelor claimed her attorney misled her and failed to respond to her attempts to contact him. Ms. Batchelor also claimed she had to take care of her critically ill daughter in Chicago. In an initial decision, the Board dismissed the case for failure to comply with 5 C.F.R. § 1201.22(b), which requires that appeals be filed within 30 days of the agency's decision. The Board explained that attorney negligence resulting in an untimely filing does not constitute good cause for a delay, and noted that Ms. Batchelor also received a copy of the final agency decision, and was therefore in a position to file her own appeal. Finally, the Board noted that Ms. Batchelor failed to identify when her daughter was ill or explain how her daughter's illness prevented her from

filing a timely appeal. As a result, the Board concluded that Ms. Batchelor failed to prove good cause for her delay.

Ms. Batchelor petitioned for review, reiterating her argument that she was misled by her attorney. Ms. Batchelor also provided medical records related to her daughter's hospitalization. The full Board held that it did not need to consider this new evidence since she failed to submit the medical evidence in the first instance. The Board reviewed the applicable standards and concluded that Ms. Batchelor's appeal was untimely and she failed to show good cause for the delay. A final order dismissing the appeal followed, and Ms. Batchelor appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295.

## DISCUSSION

We affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

On appeal Ms. Batchelor fails to address the Board's dismissal of her claim as untimely filed and instead argues the merits of the claim. The Board, however, held that Ms. Batchelor failed to meet the requirements of 5 C.F.R. § 1201.22(b), which states in relevant part that "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." It is undisputed

that Ms. Batchelor's attorney received the agency's decision by July 17, 2010, and Ms. Batchelor herself received the agency decision by August 2, 2010. The appeal, however, was not filed until September 20, 2010, well outside of the 30 day time period of 5 C.F.R. § 1201.22(b). *Accord* 5 C.F.R. § 1201.154(b)(1) ("An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue . . . ."). We therefore conclude that there is substantial evidence to support the Board's finding that Ms. Batchelor's appeal was untimely.

Because Ms. Batchelor's appeal was not filed within 30 days after receipt of the agency's decision, "it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). The Board gave Ms. Batchelor the opportunity "to show why the appeal should not be dismissed as untimely," *id.*, but Ms. Batchelor failed to submit evidence supporting her argument that she had "a good reason for the delay" stemming from her daughter's illness. Because Ms. Batchelor had the burden to show good cause for the delay, *id.*, and did not submit any evidence in support of her claims, the Board's holding that she failed to demonstrate good cause for the delay was not an abuse of discretion and was supported by substantial evidence. Likewise, it was not an abuse of discretion for the Board to decline to consider new, previously available evidence for the first time on petition for review. *See, e.g.*, *Meglio v. Merit Sys. Prot. Bd.*, 758 F.2d 1576, 1577 (Fed. Cir. 1984) ("Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit."); *see also Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1333 (Fed.

Cir. 2007) ("[N]either we, nor the board, may consider in the first instance evidence not presented to the AJ.").

We conclude that the Board's dismissal of Ms. Batchelor's appeal as untimely was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is supported by substantial evidence. We have considered Ms. Batchelor's additional arguments on appeal and find them to be without merit.

**AFFIRMED**

NO COSTS.