NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TIMOTHY C. BENNINGTON,**
*Petitioner,*

**and**

**STEVEN R. HAYES,**
*Petitioner,*

**and**

**TIMOTHY A. HUBAL,**
*Petitioner,*

**and**

**RICHARD E. KIDWELL,**
*Petitioner,*

**and**

**CARL C. WILLIAMS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

———————————

2011-3222

---

Petition for review of the Merit Systems Protection Board in consolidated case nos. CH0351100110-I-1, CH0351100117-I-1, CH0351100119-I-1, CH0351100128-I-1, and CH0351100127-I-1.

---

Decided: May 9, 2012

---

TIMOTHY C. BENNINGTON, of Lancaster, Ohio, pro se.

STEVEN R. HAYES, of Pataskala, Ohio, pro se.

TIMOTHY A. HUBAL, of Byesville, Ohio, pro se.

RICHARD E. KIDWELL, of Somerset, Ohio, pro se.

CARL C. WILLIAMS, of Springfield, Ohio, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

MICHAEL S. MACKO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before RADER, *Chief Judge*, DYK and PROST, *Circuit Judges.*

PER CURIAM.

Thomas C. Bennington, Steven R. Hayes, Timothy A. Hubal, Richard E. Kidwell, and Carl C. Williams (collectively, "petitioners") appeal a final decision of the Merit Systems Protection Board ("the Board") dismissing their adverse agency action appeals for lack of subject matter jurisdiction.[1]  *Bennington v. U.S. Postal Serv.* ("*Final Decision*"), Nos. CH-0351-10-0110-I-1, -0117-I-1, -0119-I-1, -0124-I-1, -0127-I-1, -0128-I-1 (M.S.P.B. July 27, 2011). In its decision, the Board denied review of the initial decision of the Administrative Judge ("AJ") which had dismissed petitioners' appeals as moot, but sua sponte dismissed petitioners' appeals for lack of subject-matter jurisdiction.  Because we find that the issues raised in this appeal are moot, we *dismiss*.

## BACKGROUND

Petitioners were Tractor Trailer Operators for the United States Postal Service ("Postal Service") in Columbus, Ohio.  In 2009, the Postal Service abolished all of the Tractor Trailer Operator positions in Columbus when it elected to contract out the functions normally performed by persons in those positions.  As a result, on October 10, 2009, petitioners were reassigned to Mail Handler positions.  Petitioners appealed their reassignments to the Board, alleging that they had suffered a reduction in pay or grade or that they had been demoted pursuant to a reduction in force.  *See* 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. § 351.901.  While petitioners' appeals to the Board were pending, the Postal Service rescinded petitioners' Mail

---

[1]  Petitioners' appeals were consolidated by the Board for disposition.

Handler reassignments, retroactively restoring them to their former positions as Tractor Trailer Operators for a period of two weeks until they were reassigned to positions as Letter Carriers.[2]  In so doing, the Postal Service also removed all references to the Mail Handler reassignments from petitioners' personnel files, and petitioners did not lose any pay or benefits as a result of their reassignments.

Based on its rescission of the Mail Handler reassignments, the Postal Service moved to dismiss petitioners' appeals as moot.  On July 2, 2010, the AJ granted the motion, finding that "the agency placed the [petitioners] in the exact situation they would have been in if they had won their [Board] appeals."  *Bennington v. U.S. Postal Serv.* ("*Initial Decision*"), Nos. CH-0351-10-0110-I-1, -0112-I-1, -0115-I-1, -0116-I-1, -0117-I-1, -0119-I-1, -0124-I-1, -0127-I-1, -0128-I-1, slip op. at 4 (M.S.P.B. July 2, 2010).  The AJ also noted that "[t]he Board has no authority to order the agency to re-establish [the Tractor Trailer Operator] positions or to review an agency's decision to contract out functions it formerly performed."  *Id.*  The AJ advised petitioners that if they wished to challenge their subsequent reassignment to Letter Carrier positions, they should file a separate appeal.  *Id.* at 6.

On July 21, 2010, petitioners petitioned the Board for review of the AJ's initial decision.  Additionally, on August 24, 2010, in response to the AJ's comment, petitioners filed separate appeals challenging their reassignment

---

[2]    Petitioners were restored to their former positions on paper only because the actual Tractor Trailer Operator positions had already been abolished.  During the two weeks that petitioners were classified as Tractor Trailer Operators, they did not perform any of the duties or responsibilities of a Tractor Trailer Operator, but actually attended Letter Carrier training.

to the Letter Carrier positions as a reduction in grade or pay or a demotion due to a reduction in force. In a June 30, 2011, final decision, these subsequent appeals were dismissed by the Board for lack of jurisdiction because the Board found that petitioners' Letter Carrier reassignments were not appealable actions. *See Bennington v. U.S. Postal Serv.*, Nos. CH-3330-10-0938-I-1, -0939-I-1, -0940-I-1, -0941-I-1, -0942-I-1 (M.S.P.B. June 30, 2011). Petitioners failed to timely appeal the Board's decision dismissing their appeals of their Letter Carrier reassignments within sixty days. Accordingly, that decision is now binding on them. *See Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

On July 27, 2011, after the Board's final decision on petitioners' Letter Carrier reassignments, but before the time to appeal that decision had expired, the Board issued its final decision on petitioners' Mail Handler reassignments. The Board declined to "decide whether the [AJ] properly dismissed these appeals as moot," and sua sponte dismissed petitioners' appeals "for lack of jurisdiction upon finding that the record is fully developed on the question of whether the Board has jurisdiction over [petitioners'] assignments to the Mail Handler positions as demotions by reduction in force (RIF) or reductions in grade or pay." *Final Decision*, slip op. at 2-3. Specifically, the Board found that the representative rates for the Mail Handler positions were greater than those for the Tractor Trailer Operator positions, and thus, "there [was] no indication that the [petitioners] were demoted by RIF." *Id.* at 4. Similarly, the Board found that petitioners had failed to establish that they were reduced in grade or pay under 5 U.S.C. § 7512. *Id.* at 5. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). "The [Board's] determination that it lacked jurisdiction is a question of law that the court reviews de novo." *Bennett*, 635 F.3d at 1218. Petitioners bear the burden of proof to establish jurisdiction over their appeals. *See* 5 C.F.R. § 1201.56(a)(2)(i).

The Board dismissed petitioners' appeals on a different ground from that adopted by the AJ. Rather than dismissing the appeals as moot, the Board held that petitioners had not established that they had been moved to positions with a lower "rate of pay" than their previous Tractor Trailer Operator positions, as required to establish either a reduction in pay or grade or a demotion pursuant to a reduction in force. *See* 5 U.S.C. § 7511(a)(3)-(4) (defining "grade" as "level of classification under a position classification system," and "pay" as "the rate of basic pay fixed by law or administrative action"); 5 C.F.R. § 210.102(b)(4) (defining "demotion" as "a change of an employee . . . [t]o a position with a lower rate of pay"). On review in this court, petitioners argue that the representative rates relied upon by the Board in making this determination were not the correct rates that should have been applied for purposes of determining whether petitioners were moved to positions with a lower rate of pay.

We need not decide whether the Board applied the correct representative rates of pay in comparing the

Tractor Trailer Operator and Mail Handler positions, because no live case or controversy is presented. "If an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot." *Cooper v. Dep't of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997). Restoration of petitioners to their previous positions, without lost pay or benefits, and removal of all references to the reassignment in their records, would have "eliminated all the consequences of [those] action[s] and thus rendered [petitioners'] appeal[s] moot." *Id.* In this case, the original Tractor Trailer Operator positions were no longer available, so petitioners were restored to their previous positions on paper only. Under those circumstances, the employee cannot object to transfer to an equivalent position. *See Local 2855 v. United States*, 602 F.2d 574, 584 (3d Cir. 1979) ("Nothing in the civil service statute or regulations prohibits the government from abolishing positions held by veterans or other civil servants and contracting out the work previously performed by them."). However, petitioners argue that the Letter Carrier positions to which they were actually transferred have different duties and rates of pay, and thus are not equivalent positions. Where there is a dispute about the equivalence of the positions, the employee's appeal is not moot. *See Kerr v. Nat'l Endowment for the Arts*, 726 F.2d 730, 733 & n.3 (Fed. Cir. 1984) ("The injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed." (quoting *Wicker v. Hoppock*, 73 U.S. (6 Wall.) 94, 99 (1867))).

Thus, the lack of equivalence in the positions was certainly a proper issue to raise in the first appeal. Petitioners' problem is that they chose to raise the issue of their transfer to Letter Carrier positions in a separate appeal, which has now been resolved adversely. Under such circumstances, this aspect of the original appeal becomes

moot. *See generally In re Scruggs*, 392 F.3d 124, 129 (5th Cir. 2004) (holding that where a judgment in another matter "lying at the heart of [the] federal litigation" at issue "became final and no longer appealable . . . the Article III case or controversy in the federal courts ceased to exist").

Petitioners have received the amount of back pay that they claimed, and the transfer issue has been resolved against them. The case is moot. *See Hernandez v. Dep't of the Air Force*, 498 F.3d 1328, 1333 (Fed. Cir. 2007) (noting that claims are moot where a party "has already received complete relief under them").

COSTS

No costs.