WALLACH, Circuit Judge,
concurring.
I concur in the rationale employed and the result reached by the majority. However, I write separately because I disagree with the majority’s decision to accept and consider extra-record evidence in this appeal.
After the parties concluded briefing, Mr. Wilkes filed a letter, which we treated as a motion, to supplement his opening brief. See generally Pet’r’s Mot. to Supplement Opening Br. Mr. Wilkes appended evidence to the Motion that was not before the MSPB when it denied his Petition for Enforcement — namely, a letter from the FRTIB discussing his (1) TSP makeup contributions and associated breakage and (2) TSP loan. See id. at 3-4. The court invited a response from the Government, which opposed the Motion and, alternatively, argued that the extra-record evidence does not alter the outcome of the appeal. See Gov’t’s Resp. to Ct.’s Letter 2-3. The majority agrees with the Government that the extra-record evidence does not alter the outcome of the appeal. Maj. Op. at 1019 n. 7.
Precedent required the court to deny Mr. Wilkes’s Motion. Mr. Wilkes did not present the extra-record evidence to the Administrative Judge, and the majority errs in accepting it for review. See Hernandez v. Dep’t of Air Force, 498 F.3d 1328, 1333 (Fed.Cir.2007) (“[Neither we, nor the [MSPB], may consider in the first instance evidence not presented to the [Administrative Judge].”); see also Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985) (“[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.” (quoting Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973))).
The “record rule” has exceptions, but Mr. Wilkes has not alleged that the extra-record evidence meets any of them. See Home Prods. Int'l, Inc. v. United States, 633 F.3d 1369, 1379 & n. 12 (Fed.Cir.2011) (explaining that a record may be supplemented when, inter alia, the record is inad *1020 equate or tainted by fraud); Borlem S.A.-Empreedimentos Industriais v. United States, 913 F.2d 933, 939 (Fed.Cir.1990) (explaining that a record may be supplemented when the record contains an erroneous fact later corrected by the agency that issued the decision under review). And to the extent that the majority accepts the extra-record evidence for review and substantively assesses it, the majority impermissibly weighs the extra-record evidence against other facts on the record. See Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 936 (Fed.Cir.1984).
Finally, Mr. Wilkes’s pro se status does not require us to accept and consider the extra-record evidence. Although we must liberally construe Mr. Wilkes’s pleadings, see, e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), it is another thing entirely to suspend the statutory record requirements, 5 U.S.C. § 7703(c) (limiting this court’s review of MSPB decisions to “the record”); Rockwell v. Dep’t of Transp., 789 F.2d 908, 912 (Fed.Cir.1986) (discussing same).
Although I ultimately agree with the majority that the extra-record evidence does not affect the outcome of the appeal, I would have denied Mr. Wilkes’s Motion and not considered the extra-record evidence in his submission, given the pernicious nature of the lack of predictability which may be engendered, even by this non-precedential per curiam opinion.