## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK J. TARTAGLIA,
          Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBERS
DC-0752-14-1108-C-2
DC-0752-14-1108-C-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision that denied his petition for enforcement of the Board's final order. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's petition for review to the regional office for docketing as a new constructive removal appeal.

## BACKGROUND

The agency removed the appellant for misconduct on September 19, 2014, and the appellant appealed his removal to the Board. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-I-1, Initial Appeal File, Tab 1. After extensive litigation, including a remand from the U.S. Court of Appeals for the Federal Circuit, the administrative judge issued an initial decision mitigating the appellant's removal to a 30-day suspension. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-M-1, Remand File, Tab 9, Remand Initial Decision (RID) (Mar. 28, 2019); *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405 (Fed. Cir. 2017). Neither party petitioned for review, and the remand initial decision became final. *See* 5 C.F.R. § 1201.113. The administrative judge ordered the agency to, among other things, mitigate the removal to a 30-day suspension and pay the appellant the appropriate amount of back pay. RID at 4.

On June 6, 2019, the appellant filed a petition for enforcement, claiming that the agency failed to provide him a return-to-duty date. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-C-1, Compliance File (C-1 CF), Tab 1. The agency responded that it replaced the removal with a 30-day suspension and purged the appellant's Official Personnel File of references to the removal, but it was unable to return the appellant to duty or pay him any back pay because he applied for and received a disability retirement retroactive to the date of his removal. C-1 CF, Tab 6 at 4, 9-10, Tab 10 at 6-10. The appellant argued that his disability retirement did not affect his entitlement to back pay or reinstatement because he had not had a chance to seek reasonable accommodation, which he could only do after being restored to duty. C-1 CF, Tab 7, Tab 11 at 4-7. During the pendency of the petition for enforcement, the appellant filed a second petition for enforcement raising substantially the same issues. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-C-2, Compliance File, Tab 1. The administrative judge joined the petitions for processing. C-1 CF, Tab 9.

After the close of the record, the administrative judge issued an initial decision denying the petitions for enforcement. C-1 CF, Tab 12, Compliance Initial Decision (CID). He found that the appellant failed to provide sufficient legal authority to support his argument and that the agency had complied with the Board's final order. CID at 7-8.

The appellant has filed a petition for review, disputing the administrative judge's analysis. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## ANALYSIS

In proceedings on petition for enforcement of a Board order, the agency bears the burden of proving that it has complied with the final order. *Lua v.*

*Office of Personnel Management*, 100 M.S.P.R. 431, ¶ 8 (2005). As part of its burden of proving compliance, the agency must establish that it returned the appellant as nearly as possible to the status quo ante. *Williams v. Department of the Navy*, 79 M.S.P.R. 364, 367 (1998).

In this case, it is undisputed that, on February 23, 2015, the Office of Personnel Management (OPM) granted the appellant's application for disability retirement retroactive to September 19, 2014, the date of his removal. CID at 4; C-1 CF, Tab 6 at 7-8. It is the agency's position that the disability retirement extinguished the appellant's right to back pay and reinstatement to his former position. PFR File, Tab 3 at 7-77. The appellant, however, argues that he was able to obtain disability retirement only because the agency prevented him from seeking reasonable accommodation due to its improper removal action. PFR File, Tab 1 at 5-6. He argues that a proper status quo ante remedy would be to return him to his position of record, thereby allowing him to seek reasonable accommodation. *Id.* at 5-7.

We have considered the precedent that the appellant has cited in support of his argument, but we agree with the administrative judge that it does not control the outcome of this case. CID at 7. The appellant cites a compliance initial decision in *Abbott v. U. S. Postal Service*, MSPB Docket No. DC-0752-12-0366-C-2, for the proposition that back pay is not offset by the receipt of disability retirement benefits. C-1 CF, Tab 7 at 5. However, it is well settled that initial decisions have no precedential value. *Social Security Administration v. Abell*, 47 M.S.P.R. 98, 101 (1991). Moreover, we find that the initial decision in *Abbott* has no persuasive value in this case. In reaching her decision, the administrative judge relied on two Equal Employment Opportunity Commission decisions, *Burnett v. U.S. Postal Service*, EEOC Appeal No. 01981618, 2005 WL 3369045 (Nov. 23, 2005), and *Savage v. U.S. Postal Service*, EEOC Appeal No. 01960183, 2000 WL 361776 (Mar. 28, 2000). *Abbott*, MSPB Docket No. DC-0752-12-0366-C-2, Tab 10, Compliance Initial Decision at 6 (Apr. 27, 2018). We are not

convinced that her reliance on these decisions was correct because the appellant in *Abbott* was a preference eligible and therefore subject to the Back Pay Act, but there is no indication that the petitioners in *Burnett* and *Savage* were preference eligible, and therefore they were presumably subject instead to the Postal Service's back pay regulations, found in the U.S. Postal Service Employee and Labor Relations Manual, part 436. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-I-1, Initial Appeal File, Tab 1 at 1; *see House v. U.S. Postal Service*, 85 M.S.P.R. 260, 262 (2000). We have reviewed the Postal Service's back pay regulations and found no provision in them for offsetting back pay due to a disability retirement award, whereas OPM's regulations implementing the Back Pay Act explicitly provide for offset of "erroneous payments received from the Government as a result of the unjustified or unwarranted personnel action." 5 C.F.R. § 550.805(e)(2). In any event, the language that the appellant cites in *Abbott* pertains to the offset of back pay; it does not pertain to his right to receive back pay in the first place. C-1 CF, Tab 7 at 5.

The appellant also cites to *Smith v. Department of the Army*, 458 F.3d 1359 (Fed. Cir. 2006), and *Payne v. Department of Veterans Affairs*, EEOC Appeal No. 01A42405, 2004 WL 1959632 (Aug. 24, 2004), for the proposition that back pay covers the entire period for which the challenged personnel action was in effect. C-1 CF, Tab 11 at 6-7. Although this proposition is true, we agree with the administrative judge that the outcomes of *Smith* and *Payne* were grounded in facts that are absent in the instant appeal. CID at 7. The court in *Smith* found that the appellant's entitlement to back pay for his constructive suspension was not extinguished by his subsequent removal for physical inability to perform because that removal was the result of the agency's failure to accommodate the appellant's disability. 458 F.3d at 1365-66. Importantly, the court found that "the action for which Smith seeks relief, the illegal discrimination, was clearly adjudicated on its merits." Likewise, in *Payne*, the Equal Employment

Opportunity Commission (EEOC) found that the appellant's disability retirement did not extinguish her right to back pay because she was forced to take disability retirement as a result of the agency's failure to accommodate her medical conditions. EEOC Appeal No. 01A42405, 2004 WL 1959632, at *4-*6. By contrast, there has been no finding in the instant appeal that the appellant's disability retirement was the product of discrimination or was otherwise invalid.

Next, the appellant cites *Bonggat v. Department of the Navy*, 56 M.S.P.R. 402 (1993), for the proposition that status quo ante relief requires that an appellant be returned to his former position regardless of whether he is physically able to perform in that position. C-1 CF, Tab 11 at 5. However, the relief ordered in *Bonggat* was based on a removal for physical inability to perform that the Board found was the product of whistleblower reprisal, and there was no subsequent disability retirement involved. 56 M.S.P.R. at 407-13. We agree with the administrative judge that the Board's decision in *Bonggat* is not instructive under the facts of the instant appeal. CID at 7. The appellant cites *Spencer v. Department of the Navy*, 82 M.S.P.R. 149 (1999), for a similar proposition, arguing that once the Board in that case reversed the appellant's removal for physical inability to perform, the agency restored him to his former position despite the fact he had filed for disability retirement. C-1 CF, Tab 7 at 5-6, Tab 11 at 6. However, we agree with the administrative judge that *Spencer* is not controlling because, in that case, OPM had rescinded its approval of the appellant's disability retirement application. 82 M.S.P.R. 149, ¶ 17.

Having considered the authorities that the appellant cited in support of his petition, we find that this case is instead controlled by *Cooper v. Department of the Navy*, 108 F.3d 324 (Fed. Cir. 1997). In *Cooper*, the agency removed the petitioner for physical inability to perform, and during the pendency of his Board appeal, in which he did not allege discrimination, the petitioner's application for

disability retirement was approved retroactive to a date prior to his removal.[2] 108 F.3d at 325. The agency then expunged the appellant's removal and amended its records to reflect a separation by disability retirement. *Id.* The court found that the appeal was moot because the agency's cancellation of the removal action and the expungement of all references to that action from the petitioner's official personnel file eliminated all the consequences of the action. *Id.* at 326. An appeal is moot when the petitioner has received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Hernandez v. Department of the Air Force*, 498 F.3d 1328, 1333 (Fed. Cir. 2007); *Harris v. Department of Transportation*, 96 M.S.P.R. 487, ¶ 8 (2004). The necessary implication for the instant appeal is that the appellant is entitled to no further relief beyond the cancellation of the removal in favor of a separation by disability retirement and a correction of the agency's records. Like the appellant in the instant appeal, the petitioner in *Cooper* argued that he was entitled to restoration and back pay notwithstanding his disability retirement. 108 F.3d at 326. However, the court found that in order to be entitled to such further relief, the petitioner would need to show that his disability retirement amounted to a constructive removal. *Id.* Neither the petitioner in *Cooper* nor the appellant in the instant appeal made any such showing.

In sum, the cases on which the appellant relies either did not involve an intervening event that could have limited status quo ante relief, or they involved intervening events that were subsequently invalidated. By contrast, *Cooper* involved an intervening event (the petitioner's disability retirement) that remained valid and in force. Because the appellant in this case has not shown his disability retirement to be invalid, we find that *Cooper* controls. Because the appellant's disability retirement was effective the date of his removal, the agency was not required to reinstate the appellant or provide him back pay in order to

---

[2] The petitioner filed his discrimination claim in district court, but the Federal Circuit lacked jurisdiction over that claim, which remained undecided at the time the Federal Circuit issued its decision affirming the Board's order. *Cooper*, 108 F.3d at 325-27.

return him to the status quo ante. Unless and until the disability retirement is shown to be a constructive removal, the Board cannot find otherwise.

As explained above, the appellant argues that he is entitled to reinstatement and back pay because his disability retirement was a consequence of the agency's failure to accommodate his condition. This is a constructive removal claim, *see, e.g.*, *Lorenz v. U.S. Postal Service*, 84 M.S.P.R. 670 (2000), and these compliance proceedings are not the proper avenue for litigating such a claim. Nevertheless, if the appellant is able to show that his disability amounted to a constructive removal, he may be able to obtain the relief he is seeking. We therefore forward the petition for review to the regional office for docketing as a timely constructive removal appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.